IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MARVIN LIDDELL LOTT, Register No. 198045, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4246-CV-C-SOW |
| | ) | |
| DAVID DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On November 1, 2005, defendants filed a motion to dismiss. Defendants' motion argues that plaintiff has not exhausted his administrative remedies as to his claims and that his allegations fail to state a claim on which relief may be granted. On December 27, 2005, plaintiff filed a response. Plaintiff's response argues that he had an IRR returned unanswered by Missouri Department of Corrections (MDOC) personnel; thus, constituting exhaustion of his claims.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the March 11, 2005, MDOC Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims, pursuant to federal law, upon receipt of a grievance appeal response. See MDOC Manual, D5-3.2, Offender Grievance, No. III(M)(12) (March 11, 2005). Furthermore, section 1997e(a) requires that an inmate exhaust all available administrative remedies regarding the allegations in his complaint prior to bringing suit. Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003)

(dismissal is required under 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). Finally, when multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).

In the instant case, plaintiff's allegation that he initially filed an IRR, but did not receive a response to such IRR, is not sufficient to allow plaintiff to proceed with filing a federal lawsuit prior to exhaustion. The court takes judicial notice of the fact that MDOC has a procedure manual which states that the "[e]xpiration of the response time limit at any stage of the process shall allow the grievance to move to the next stage of the process by notifying the grievance officer." MDOC Manual D5-3.2, Offender Grievance (March 11, 2005), Nos. III (K)(9), and (L)(18). Plaintiff had the opportunity, pursuant to the prison grievance procedure manual, to continue with his claims to the point of administrative exhaustion.

Therefore, because plaintiff failed to exhaust administrative remedies as to his claims prior to the filing of this federal law suit, plaintiff's claims should be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e.

Plaintiff is advised that if he refiles this suit after exhausting his administrative remedies, he will be required to pay the full filing fee. 28 U.S.C. § 1915. Installment payments are permitted if plaintiff is granted leave to proceed in forma pauperis.

Plaintiff has several pending motions for preliminary injunctive relief before this court, including a motion for sleep, for transfer, and to not be required to take a cell-mate in order to be promoted from administrative segregation. This court has previously denied plaintiff's numerous motions for preliminary injunctive relief, after extensive review, upon determination that there is no threat of irreparable harm to plaintiff. Therefore, in light of this court's previous findings and this court's recommendation that plaintiff's claims be dismissed, without prejudice, for failure to exhaust administrative remedies, plaintiff's pending motions for preliminary injunctive relief should be denied. Furthermore, plaintiff's motion to appoint counsel, compel documents and subpoena witnesses is denied, without prejudice.

IT IS, THEREFORE, ORDERED that plaintiff's motion to appoint counsel, compel documents and subpoena witnesses is denied, without prejudice [34]. It is further

RECOMMENDED that plaintiff's motions for preliminary injunctive relief be denied, without prejudice [35, 39, 45, 53, 54, 57]. It is further

RECOMMENDED that defendants' motion to dismiss be granted and plaintiff's claims dismissed, without prejudice, for failure to exhaust administrative remedies pursuant to 42 U.S.C. 1997e. [44].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. *See* L.R. 74.1.

Dated this 6th day of March, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge